*Zhanadova v. Walmart, Inc.*
*Case No.*

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ELENA ZHANADOVA,

    Plaintiff,

v.

    CASE NO: 20 18932

WAL-MART STORES, INC.,

    Defendant.

_____/

## COMPLAINT

COMES NOW, PLAINTIFF, Elena Zhanadova, in the above-styled case by and through her attorney and files this, her Complaint against Defendant, Wal-Mart Stores, Inc., hereinafter referred to as Wal-Mart and alleges:

### ALLEGATIONS COMMON TO ALL COUNTS

1. The Plaintiff, Elena Zhanadova, is a resident of Broward County, Florida.

2. Defendant, Wal-Mart is a foreign for-profit corporation and is authorized to do business in Broward County, FL, and has numerous stores in Broward County, Florida.

3. All the acts and/or omissions occurred in Broward County at one of Defendant's stores, more specifically Store #1996.

4. Venue and jurisdiction is vested in this Court in that the events giving rise to this action occurred within Broward County, State of Florida.

5. This Court has personal and subject matter jurisdiction. This action exceeds $30,000.00.

*Zhanadova v. Walmart, Inc.*
Case No.

## COUNT I
## NEGLIGENCE

6. Plaintiff, Elena Zhanadova, incorporates by reference all of the allegations and statements contained in Paragraphs One (1) through Five (5) of her Complaint as though fully set forth herein.

7. On or about July 8, 2018, the Plaintiff, Elena Zhanadova was a lawful patron of Defendant, Wal-Mart, Store # 1996 located in Broward County, Florida.

8. Plaintiff, Elena Zhanadova was a business invitee of the Defendant, Wal-Mart.

9. While proceeding to the cash registers at the front of the store, the Plaintiff, Elena Zhanadova, slipped on some slippery substance, which caused her to fall and incur severe bodily injury.

10. At all times, the Plaintiff was acting with due care, walking in a normal manner as expected under the conditions.

11. As a result of the presence of the slippery substance on the floor at Wal-Mart's Store #1996, the floor was not reasonably safe.

12. The Defendant knew or by using ordinary care could have known of this condition. Ordinary care is inclusive of but not limited to:

    (a) Providing a slip resistant floor;

    (b) Having Defendant's employees or agents of the pub to visually inspect the floors on a timely basis in conformity with industry standards;

    (c) Having Defendant's employees or agents of the pub physically sweep the floors on a timely basis in conformity with known standards and remove any slippery substance from the floor; and/or

    (d) Provide warning signs when and where slip and fall hazards exist on the floor.

*Zhanadova v. Walmart, Inc.*
*Case No.*

13. The Defendant failed to use ordinary care to (1) avoid creating the aforesaid condition, (2) remove aforesaid condition once it was created, (3) failed to barricade it and/or (4) failed to warn the Plaintiff of the aforesaid condition, constituting a breach of duty owed to patrons and Plaintiff alike.

14. Defendant, Wal-Mart, has a non-delegable duty to keep the premises in a reasonably safe condition so that its patrons, members of the general public will not be injured.

15. Defendant, Wal-Mart, their agents, servants and employees knew or by using ordinary care, should have known of the defective, dangerous and/or hazardous condition set forth above.

16. As a direct and proximate result of the acts and omissions of Defendant, as herein alleged, the Plaintiff, Elena Zhanadova, was injured and damaged, to wit: the Plaintiff, Elena Zhanadova, suffered injuries to her body including, but not limited to, her back and neck, some or all of which such injuries are permanent in nature; the Plaintiff has suffered and will in the future suffer severe pain, mental anguish, disfigurement and disability; she has incurred and will in the future incur medical expenses for the treatment and care his aforesaid injuries.

17. Defendant was negligent in allowing a hazardous condition to exist that caused Plaintiff's injuries.

18. Plaintiff continues to suffer personal and pecuniary losses as a result of Defendant's negligent conduct.

Wherefore, Plaintiff, Elena Zhanadova prays for judgment against the Defendant for such damages as are fair and reasonable, in excess of $30,000.00 together with costs herein incurred

*Zhanadova v. Walmart, Inc.*
*Case No.*

and expended, and for any such further and additional relief as this Honorable Court deems just and proper.

## DEMAND FOR TRIAL

Plaintiff demands jury trial on all issues so triable.

Respectfully submitted this 12th day of November, 2020.

*/s/ Ryan N. Chae*
**Ryan N. Chae, Esquire**
Florida Bar No. 117495
**RNC Legal**
2450 Hollywood Blvd.
Suite 305
Hollywood, FL 33020
T (954) 417.7000
F (954) 998.4505
Email – rchae@rnclegal.net
*Counsel for Plaintiff*